## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEBTWAVE CREDIT COUNSELING, INC.,

Plaintiff,

v.                                                        Case No.

UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT
## (EXEMPT ORGANIZATION)

Pursuant to 26 U.S.C. § 7428 and Federal Rule of Civil Procedure 57, plaintiff Debtwave Credit Counseling, Inc. ("Debtwave") seeks a declaratory judgment that (i) Debtwave is an organization exempt from federal income taxation under 26 U.S.C. § 501(c)(3), (ii) Debtwave is a public charity as described in 26 U.S.C. § 509(a)(2), (iii) the Internal Revenue Service ("IRS") erred in proposing to revoke Debtwave's tax-exempt status, and (iv) the IRS abused its discretion in applying its proposed revocation of Debtwave's tax-exempt status  retroactively back to January 1, 2005.

## PARTIES

1.      Debtwave is incorporated as a not-for-profit corporation under the laws of the State of California.  Debtwave's principal office is located at 8665 Gibbs Drive, Suite 100, San Diego, California 92123.  Debtwave's employer identification number is 91-2156504.

2.      Debtwave is organized and operated for the charitable and educational purpose of providing educational financial counseling services to individuals experiencing financial distress, and has engaged in activities in furtherance of its charitable and educational purpose at all times since its formation.  As such, Debtwave is an organization exempt from federal income tax on

related income as defined by 26 U.S.C. § 501(c)(3), and is a public charity as described in 26 U.S.C. § 509(a)(2).

3.     Defendant is the United States of America.  The United States of America is a proper defendant because the IRS is an agency of the United States government.

## JURISDICTION

4.     This Court has jurisdiction over this case pursuant to 26 U.S.C. § 7428.

5.     Pursuant to 26 U.S.C. § 7428, the United States District Court for the District of Columbia has jurisdiction to make a declaratory judgment with respect to Debtwave's initial qualification or continuing qualification with respect to its tax-exempt status as an organization described in 26 U.S.C. § 501(c)(3), or initial classification or continuing classification with respect to its tax-exempt status as an organization described in 26 U.S.C. § 501(c)(3), where the IRS fails to make a determination with respect to a request for such qualification or classification within 270 days.

6.     The IRS proposed revocation of its recognition of Debtwave's tax-exempt status under 26 U.S.C. § 501(c)(3) by a letter and Form 866-A, Revenue Agent's Report, dated October 30, 2009 ("Proposed Revocation").  Debtwave filed a protest to the Proposed Revocation on about January 25, 2010 ("January 2010 Protest").

7.     Debtwave's January 2010 Protest served as a written request to the IRS for a determination regarding Debtwave's continued recognition of tax-exempt status under 26 U.S.C. § 501(c)(3).

8.     The IRS failed to make a final determination of Debtwave's continued recognition of tax-exempt status under 26 U.S.C. § 501(c)(3) within 270 days of Debtwave's January 2010 Protest.

9.      Debtwave has taken, in a timely manner, all reasonable steps to secure a final determination of its continued qualification for recognition of tax-exempt status and has exhausted its administrative remedies within the IRS regarding its request for such a determination.

## FACTS AND BASIS FOR DECLARATORY RELIEF

**I.      IRS's Recognition of Debtwave's Tax-Exempt Status**

10.     Debtwave filed a Form 1023, Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code ("Application for Recognition of Exemption") with the IRS in November 2001, and received a favorable determination letter dated January 3, 2002, recognizing Debtwave as exempt from federal income tax pursuant to 26 U.S.C. § 501(c)(3) and as a public charity under 26 U.S.C. § 509(a)(2).

11.     Debtwave's Application for Recognition of Exemption contained no material omissions or misstatements of fact.

12.     Debtwave's activities have not materially changed from those disclosed in its Application for Recognition of Exemption.

13.     Debtwave has relied on the IRS's favorable determination in good faith and conducted its activities in accordance with the representations made in its Application for Recognition of Exemption.

14.     There was no change in law between the date on which the IRS initially recognized Debtwave's tax-exempt status on January 3, 2002, and the date to which the IRS has retroactively applied the revocation, January 1, 2005.

**II.      IRS Wrongfully Seeks to Retroactively Revoke Debtwave's Tax-Exempt Status**

15.      In 2008, the IRS commenced an examination of Debtwave's activities for the tax periods ended December 31, 2005; December 31, 2006; and December 31, 2007 (the "Examined Years").

16.      The IRS's examination of Debtwave's operations was limited to the Examined Years.

17.      During the IRS's examination of Debtwave's operations, the IRS did not consider any facts or changes in the law pertaining to periods subsequent to the Examined Years.

18.      Based on its examination, the IRS proposed revocation of its recognition of Debtwave's tax-exempt status under 26 U.S.C. § 501(c)(3) by a letter and Form 866-A, Revenue Agent's Report, dated October 30, 2009 (the "Proposed Revocation" referenced above).

19.      By its Proposed Revocation, the IRS seeks to retroactively revoke its recognition of Debtwave's tax-exempt status to January 1, 2005.

20.      The IRS's position in the Proposed Revocation was limited to the allegations that:

a)      Debtwave was substantially engaged in activities that did not further its exempt purpose;

b)      Debtwave's operations conferred a more than incidental benefit on private individuals; and,

c)      Debtwave's net assets inured to a private shareholder or individual.

21.      The Proposed Revocation did not discuss or provide a basis for the IRS's retroactive application of the proposed revocation back to January 1, 2005.

22.      In its Proposed Revocation, the IRS did not claim or determine that Debtwave made any material omission or misstatement in its Application for Recognition of Exemption.

23.    In its Proposed Revocation, the IRS did not claim or determine that Debtwave's activities materially changed from those disclosed in its Application for Recognition of Exemption.

24.    The IRS's unsupported and unexplained retroactive application of its proposed adverse determination constitutes an abuse of its discretion conferred by 26 U.S.C. § 7805(b)(8).

25.    The conclusions stated in the Proposed Revocation are erroneous for the following reasons:

    a)    The IRS erroneously concluded that more than an insubstantial amount Debtwave's activities were in furtherance of a non-exempt purpose;

    b)    The IRS erroneously concluded that Debtwave's operations conferred a more than incidental benefit on private individuals; and,

    c)    The IRS erroneously concluded that Debtwave's net earning inured to the benefit of a private shareholder or individual.

26.    The IRS's position regarding revocation of the Debtwave's ongoing tax-exempt status for years subsequent to the Examined Years is erroneous because the IRS failed to develop or consider any facts pertaining to Debtwave's activities during periods subsequent to the Examined Years.

27.    The IRS's retroactive application of its Proposed Revocation is erroneous because:

    a)    The IRS has failed to adhere to its own published administrative requirements in retroactively applying its proposed adverse determination, including Revenue Procedure 2014-5, section 18.06 which requires that where a "a letter ruling or determination letter to a taxpayer or a [technical

advice memorandum] involving a taxpayer is modified or revoked with retroactive effect, the notice to the taxpayer, except in fraud cases, sets forth the grounds on which the modification or revocation is being made and why the modification or revocation is being applied retroactively;"

b)   The statute of limitations for the assessment of taxes under 26 U.S.C. § 6501 has lapsed for two of the periods subsequent to the Examined Years to which the IRS's Proposed Revocation will be retroactively applied, specifically tax years ended December 31, 2008, and December 31, 2009; and,

c)   The IRS has not examined any of Debtwave's tax years subsequent to the Examined Years which are subject to the IRS's Proposed Revocation.

## III.   The IRS Failed to Issue a Final Determination

28.   On January 25, 2010, Debtwave submitted its written protest the IRS's Proposed Revocation (the January 2010 Protest), and requested a conference with an IRS Appeals Officer.

29.   Debtwave's January 2010 Protest was a request for a determination from the IRS regarding Debtwave's ongoing qualification for recognition of exemption from federal income tax under 26 U.S.C. 501(c)(3).

30.   At all times since filing its January 2010 Protest, Debtwave has continued to be organized and operated exclusively for tax-exempt purposes in the manner set forth in Debtwave's request for determination, and has operated as an organization described in 26 U.S.C. § 501(c)(3) in compliance with applicable statutory and administrative requirements, procedures, and guidelines, including with respect to its outreach educational activities, operation of its debt management plan program, and its relationships with its outside service providers.

31.     On November 15, 2010, the IRS Appeals Division granted Debtwave its Appeals Conference of Right, during which Debtwave's case was reviewed by a representative from the IRS Appeals Division.

32.     During Debtwave's Appeals Conference of Right, a representative from the IRS Appeals Division informed Debtwave that the Appeals Division concluded that it would sustain the Proposed Revocation for the Examined Years.

33.     On May 3, 2012, Debtwave submitted to the IRS, pursuant to 26 U. S.C. § 7805(b), a request for technical advice ("7805(b) Request") regarding the effective date of the Proposed Revocation with the National Office of the IRS's Tax-Exempt and Government Entities Division ( "TEGE").   Debtwave did so in response to the Appeals Division's decision to sustain the Proposed Revocation.

34.     The sole issue considered by TEGE in connection with the Debtwave's 7805(b) Request was the effective date of any ultimate adverse determination that Debtwave was not qualified as a tax-exempt organization during the Examined Years.

35.     As of the date of this Complaint, the IRS has failed to issue a final determination. More than 1,400 days that have passed since Debtwave requested a determination regarding its ongoing qualification for recognition of tax-exempt status in its January 2010 Protest.

36.     With respect to Debtwave's January 2010's Protest, 2005, pursuant to 26 U.S.C. § 7428, this court has jurisdiction to issue a declaratory judgment regarding Debtwave's tax-exempt status under 26 U.S.C. § 501(c)(3) because:

      a)     An actual controversy exists regarding Debtwave's continued qualification for tax-exempt status under 26 U.S.C. § 501(c)(3) because the IRS issued a Proposed Revocation, which its Appeals Division has decided to uphold;

b)    By timely filing its January 2010 Protest to the Proposed Revocation, Debtwave filed with the IRS a request for a determination regarding Debtwave's ongoing qualification for recognition of tax-exempt status under 26 U.S.C. § 501(c)(3);

c)    The IRS has failed to make a determination within 270 days of Debtwave's request for a determination because, as of the date of the filing of this Complaint, more than 1,400 days have elapsed since Debtwave filed its January 2010 Protest with the IRS and the IRS has failed to make a determination with respect to Debtwave's request for a determination; and,

d)    Prior to brining this action, Debtwave exhausted all administrative remedies available within the IRS.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 26 U.S.C. § 7428, Debtwave requests that this Court:

a)    Issue a judgment declaring that for the tax periods ended December 31, 2005; December 31, 2006; December 31, 2007; December 31, 2008; December 31, 2009; December 31, 2010; December 31, 2011; December 31, 2012; and December 31, 2013, Debtwave was an organization exempt from federal income tax on related income as defined by 26 U.S.C. § 501(c)(3), as amended, and that Debtwave (i) was and is an organization exempt from federal income tax under 26 U.S.C. § 501(c)(3); (ii) was and is a public charity as described in 26 U.S.C. § 509(a)(2); and (iii) continues to qualify as such an organization;

b)      Issue a judgment declaring that the IRS erred in issuing its Proposed

Revocation with respect to Debtwave's tax-exempt status;

c)      Issue a judgment declaring that the IRS abused its discretion by its

retroactive application of the Proposed Revocation under 26 U.S.C.

§ 7805(b)(8)(A);

d)      Grant Debtwave its reasonable litigation costs incurred in connection with

this action, including attorneys fees and costs incurred as allowed by

applicable statute(s) including 26 U.S.C. § 7430; and,

e)      Grant Debtwave such other, further and additional relief as the Court

deems just and proper.


Dated:  March 3, 2014                              Respectfully submitted,



                                                   /s/ Ari N. Rothman
                                                   Ari N. Rothman (D.C. Bar No. 481334)
                                                   Molly T. Cusson (D.C. Bar No. 981323)
                                                   Matthew T. Journy (D.C. Bar No. 984588)*
                                                   VENABLE LLP
                                                   575 Seventh Street, N.W.
                                                   Washington, DC 20004
                                                   (202) 344-4000

                                                   *Attorneys for Plaintiff*
                                                   *Debtwave Credit Counseling, Inc.*




(*)Application for admission to be filed.